# IN THE COURT OF APPEALS OF IOWA

No. 17-2020
Filed April 3, 2019

**BRENDA N. PAPILLON,**
    Plaintiff-Appellee,

**vs.**

**BRYON L. JONES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

The appellant challenges the district court's award of punitive damages and attorney fees. **AFFIRMED.**

Bryon L. Jones, Omaha, Nebraska, pro se appellant.

Brad Schroeder and Laura J. Lockwood of Hartung Schroeder, LLP, Des Moines, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*  Gamble, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Brenda Papillon originally brought suit against Bryon Jones for recording her conversations, which he did not have consent to record and during which he was not present, pursuant to Iowa Code section 808B.8 (2015). Papillon was successful in her suit, and the district court awarded her actual damages, punitive damages, and attorney fees.

Jones appealed. A panel of our court affirmed the district court's award of actual damages but reversed the award of punitive damages, concluding the district court's findings did not meet the standard to justify an award of punitive damages. We remanded for the district court to recalculate the award of attorney fees and to award appellate attorney fees. *See Papillon v. Jones*, No. 15-1813, 2016 WL 6270263, at *2–4 (Iowa Ct. App. Oct. 26, 2016).

Jones filed an application for further review, which our supreme court granted. The supreme court affirmed the award of actual damages and the decision to remand to the district court "to recalculate attorney fees and award reasonable appellate attorney fees to Papillon, including for her application for further review." *Papillon v. Jones*, 892 N.W.2d 763, 773–74 (Iowa 2017). Regarding punitive damages, the court determined "there was sufficient evidence to support an award of punitive damages" but recognized that the district court failed to make the specific findings necessary to make the award. The supreme court "agree[d] with the court of appeals that the lack of such a finding requires reversal of the award of punitive damages" but "disagree[d] the door must remain closed to such an award." *Id.* at 774. The case was remanded "for the district court to determine on the existing trial record whether Papillon is entitled to

punitive damages under the standard reiterated in this opinion, and if so, the amount thereof." *Id.*

On remand, the district court made additional findings regarding how Jones continued to use and share the recordings of Papillon's conversations even after he was aware that doing so was illegal. The court entered judgment in favor of Papillon, awarding her $2076.55 in actual damages; $18,000 in punitive damages; $15.350.80 in attorney fees; and $17,690 in appellate attorney fees.

Jones appeals, arguing the district court (1) violated his right to due process when it adopted the proposed findings of Papillon on remand and (2) erred when it ordered him to pay trial attorney and appellate attorney fees without having evidence of either party's finances.[1]

After the initial hearing on remand, Papillon filed a proposed order—which included findings of fact of conclusions—and the district court adopted that order three days later, on August 28, 2017. We recognize the order was adopted in its entirety, without Jones filing his own proposed order or providing comments on Papillon's proposed order. *See Kroblin v. RDR Motels, Inc.*, 347 N.W.2d 430, 436 (Iowa 1984) (outlining the "better practice" as asking both parties to assist prior to making a decision in the case and "emphasiz[ing] that in fairness all parties should be given the same opportunity to submit proposed findings and to

---

[1] In his appellate brief, Jones list five argument headings. His third, fourth, and fifth argument sections contain no cites to authority and appear to be continuations of his first argument—that his right to due process was violated. Insofar as Jones intended to make other, different arguments, we find they have been waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also In re Estate of DeTar*, 572 N.W.2d 178, 181 (Iowa Ct. App. 1997) ("The law does not judge by two standards, one of lawyers and another for non-lawyers. All are expected to act with equal competence. If a non-lawyer chooses to represent h[im]self, []he does so at h[is] own risk." (citations omitted)).

comment on findings proposed"). However, the August 27 order is not the final order that is before us now. Following the court's adoption of the order, Jones filed a motion to reconsider, which the district court granted. In its final November 15, 2017 ruling, the district court agreed with Jones that the adoption of Papillon's proposed order was in error and struck the prior ruling. The court's November 15 ruling relied very little on the proposed order filed by Papillon, using some portions of the proposed order in conjunction with the court's own findings and conclusions, as is proper. *See In re Marriage of Siglin*, 555 N.W.2d 846, 849 (Iowa 1996) (requiring "the practice of requesting counsel to prepare proposed findings and conclusions" to "be employed" "as a cooperative means of assisting the court in preparing a fair and prompt decision. Trial judges can show their responsible use of this practice by refraining from wholesale, or near wholesale, adoption of a proposed decision. Instead, the proposed decision should be a guide, with selected portions incorporated into the independent thoughts of the trial judge"); *Kroblin*, 347 N.W.2d at 436 (considering, as part of the "better practice," that courts will "pick and choose and temper and select those portions which better fits its own concept of the case"). For this reason, Jones's due process claims fails.

Next, Jones maintains the district court erred when it ordered him to pay trial attorney and appellate attorney fees without evidence of his financial ability to pay or of Papillon's need for fees. In doing so, Jones cites our familiar language providing factors for the court to consider in determining whether to award attorney fees in dissolution and custody cases. *See, e.g.*, *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006) ("Factors to be considered in

determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" (citation omitted)).  But Papillon's right to fees comes from section 808B.8(1)(b)(3)—not chapter 598, which controls dissolution of marriages of domestic relations—and provides that a person whose oral communication is "intercepted, disclosed, or used in violation of this chapter" is entitled to recover "reasonable attorney fee[s] and other litigation costs reasonably incurred."  The section does not require the court to consider or make a determination as to either party's need or ability to pay before ordering the payment of fees, and Jones does not cite an applicable authority to support his claim the court must do so.  This claim fails.

Having considered Jones's cognizable claims, we find no reversible error and affirm the district court.[2]

**AFFIRMED.**

---

[2] Papillon asks that we award her additional appellate attorney fees as part of the litigation costs she has incurred in this action.  However, she has not—as she said she would—filed an affidavit of fees in this matter.  Without such information, we cannot determine the amount necessary to compensate her for the "reasonable attorney fee[s] and other litigation costs reasonably incurred."  Iowa Code § 808B.8(1)(b)(3).